UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD R. JONES, JR,

    Plaintiff,

v.                                              Case No. 3:21cv487-MCR-HTC

SERGEANT B. CASH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Donald R. Jones, Jr., a prisoner, proceeding *pro se*, files the instant 42 U.S.C. § 1983 action against Defendants Sergeants Cash and Moye and a John Doe Officer for excessive force in violation of the Eighth Amendment. Before the Court is Plaintiff's Motion for Partial Summary Judgment as to Defendants' affirmative defense of qualified immunity. ECF Doc. 26. The motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review, the undersigned recommends Plaintiff's motion be DENIED. Based on the evidence submitted by Plaintiff, factual disputes exist regarding whether Defendants used excessive force and, thus, whether Defendants may be entitled to qualified immunity.

The use of force incident at issue in this case occurred around 5:30 a.m. on March 3, 2019 at Century Correctional Institution. ECF Doc. 10 at 5. Plaintiff alleges he was having a seizure[1] and Defendants used excessive force against him by placing him in a custodial hold and attempting to put him upright, which he contends were not "proper emergency medical response procedures." *Id.* 5, 7-8. Defendants deny they used excessive force and have asserted qualified immunity as an affirmative defense. ECF Doc. 20 at 5. Plaintiff seeks judgment on that defense.

Defendants filed an opposition but did not address the merits of Plaintiff's motion. Instead, Defendants argue the motion is premature because discovery has not closed, and Plaintiff should first wait for Defendants to file their own motion. ECF Doc. 27. The undersigned disagrees.

Federal Rule of Civil Procedure 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at *any* time until 30 days after the close of all discovery." (emphasis added). Neither the local rules nor the Court's Case Management Scheduling Order (ECF Doc. 21) provides otherwise. To the contrary, like Rule 56,

---

[1] Although there does not appear to be a dispute that Plaintiff was having a seizure, the cause of the seizure appears to be in dispute. Plaintiff states in the second amended complaint that he has suffered many seizures prior to this incident and has medical documentation to show at least one prior occurrence at a different institution. ECF Doc. 10 at 6. Plaintiff acknowledges however, that Defendant Cash accused Plaintiff of "being under the influence of an 'unknown substance,'" and, thus, "Plaintiff was not given the benefit of doubt." ECF Doc. 10 at 5. The cause of the seizure, however, is not a material issue to Plaintiff's motion.

Case No. 3:21cv487-MCR-HTC

the CMSO states that "Motions for summary judgment shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by Court order, not later than **twenty-one (21) days** after the close of discovery". ECF Doc. 21 at 3. Thus, the undersigned finds Plaintiff's motion to be procedurally proper and will consider it on the merits – even without a written opposition on the merits. *See U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (the mere fact that a motion for summary judgment is unopposed does not relieve the court of its obligation to consider the merits of the motion).

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While it is generally a defendant who moves for summary judgment based on qualified immunity, a court may grant partial summary judgment on an affirmative defense for a plaintiff if a plaintiff shows the defendant cannot maintain the defense by a preponderance of the evidence. *See Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F.Supp.2d 1209, 1218 (M.D. Fla. 2007).

"Qualified immunity shields government officials from individual-capacity suits for actions taken while performing a discretionary function so long as their

conduct does not violate a 'clearly established' constitutional right." *Montanez v. Carvajal*, 889 F.3d 1202, 1207 (11th Cir. 2018). To be entitled to qualified immunity, an officer first must establish he was acting within his discretionary authority during the incident. *Manners v. Cannella*, 891 F.3d 959, 967 (11th Cir. 2018). The officer proves he acted within his discretionary authority "by showing objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Roberts v. Spielman*, 643 F.3d 899, 903 (11th Cir. 2011) (quotation marks omitted).

If the officer establishes he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the officer violated a constitutional right that was clearly established at the time of the incident. *Montanez*, 889 F.3d at 1207. Plaintiff does not appear to dispute that Defendants were acting within their discretionary authority at the time of this incident. *See Whittaker v. Tucker*, 2019 WL 3068406, at *7 (M.D. Fla. July 12, 2019) ("It is well understood that prison guards are charged with maintaining order and protecting inmates and staff."). Thus, the first element of the qualified immunity defense is met.

As to the second element, clearly established law "should not be defined at a high level of generality" and "must be particularized to the facts of the case." *White v. Pauly*, ⸺ U.S. ⸺, 137 S.Ct. 548, 552 (2017) (quotation marks omitted).

However, there need not be a case directly on point for a right to be clearly established. Instead, the standard is simply that "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 551 (quotation marks omitted) (explaining that qualified immunity protects all but the plainly incompetent or those who knowingly violate the law). Plaintiff is correct in the general principle that the use of excessive force is a clearly established constitutional violation. However, in this case, it is not clear that excessive force was used.

Plaintiff argues there is no genuine issue of material fact because Defendants admit to using "hands-on physical force" when they put him in an upright position, and because he was having a seizure, not being combative or resistant. ECF Doc. 10 at 5. However, the disciplinary report Plaintiff attaches to his motion tells a different story. According to DR #106-190530, Defendant Sergeant B. Cash "placed a custodial hold on [Plaintiff] in an attempt to assist [Plaintiff] into an upright position when [Plaintiff] became combative and began to physically resist [him]." ECF Doc. 26 at 8. Cash also states in the DR that "Jones became combative" and began to physically resist him. *Id.* Thus, "physical force was used . . . "to prevent [Plaintiff] from harming [Cash] or himself." *Id.* Plaintiff also references Cash's statements in the DR in his amended complaint. ECF Doc. 4 at 6.

The "core judicial inquiry" for an excessive force claim is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 130 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (other citations omitted). To determine whether the use of force was constitutionally excessive, the court considers the following factors: (1) "the extent of injury suffered by an inmate[,]" (2) "the need for application of force," (3) "the relationship between that need and the amount of force used," (4) "the threat 'reasonably perceived by the responsible officials,'" and (5) "'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321(1986)).

Cash's statements, if believed, show that he used only the force that was necessary. Based on these material disputes of fact, the undersigned finds, for the purposes of this summary judgment disposition only, that Plaintiff has not shown Defendants cannot maintain the qualified immunity defense by a preponderance of the evidence. *See Anderson v. Mascara*, 347 F. Supp. 3d 1163, 1175-77 (S.D. Fla. 2018) (denying plaintiff's motion for partial summary judgment on qualified immunity defense "[i]n light of Deputy Brennan's testimony that Anderson resisted arrest and had access to Deputy Brennan's gun while they struggled on the ground, factual questions remain as to whether Anderson posed a threat of serious physical harm to Deputy Brennan or to others").

Plaintiff cites *Skrtich v. Thornton*, 280 F.3d 1295 (11th Cir. 2002) for the proposition that "[t]here is simply no room for a qualified immunity **defense when the plaintiff alleges such a violation**." *Id.* at 1301 (emphasis added). However, unlike the allegations in *Skrtich*, it cannot be inferred from Plaintiff's allegations here that Defendants used force "maliciously and sadistically to cause harm." To the contrary, as Plaintiff references in the second amended complaint (and as set forth in the DR attached to Plaintiff's motion), Cash was attempting to assist Plaintiff by putting him in an upright position.

Indeed, the evidence in *Skrtich* at summary judgment is markedly different from the evidence presented by Plaintiff here. Namely, "[t]he undisputed evidence in th[e] record reflected that Skrtich had been electrically shocked to render him unable to resist, and then kicked, punched and beaten." *Id.* at 1302. Thus, in *Skrtch,* the court determined "[i]n the absence of any evidence that any force, much less force alleged here, was necessary to maintain order to restore discipline, it is clear that Skritch's Eighth Amendment rights were violated." *Id.* Given that evidence, the district court denied the officers' motions for summary judgment, finding they were not entitled to qualified immunity, and the Eleventh Circuit affirmed.

Finally, Plaintiff relies on the fact that he was injured to show that excessive force was used. As stated above, injury is only one of the *Hudson* factors to be considered. As the Eleventh Circuit stated in *Cockrell v. Sparks*, 510 F.3d 1307

(11th Cir. 2007), plaintiff's injuries, while "unfortunate", "resulted from force applied in a good faith effort to maintain or restore discipline in a difficult situation." *Id.* at 1312. Thus, injury alone is not determinative.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's Partial Motion for Summary Judgment (ECF Doc. 26) as to qualified immunity be DENIED.

2. The case be remanded to the undersigned for further pretrial proceedings.

At Pensacola, Florida, this 19th day of November 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.