UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD R. JONES, JR.,

    Plaintiff,

v.                                      Case No. 3:21cv487-MCR-HTC

B. CASH, et. al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Donald R. Jones, Jr., filed a third amended civil rights complaint alleging deliberate indifference to his serious medical needs, excessive force, and failure to protect or intervene arising out of Defendants' response to Plaintiff's alleged seizure on March 30, 2019. ECF Doc. 37. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Before the Court is Defendant Yost's motion for summary judgment based on Plaintiff's sole claim against him for failure to intervene. ECF Doc. 59. Plaintiff provided a response in opposition. ECF Doc. 67.

In the motion, Defendant Yost adopts Defendants Cash and Moye's renewed motion for summary judgment, ECF Doc. 47. Since the filing of Yost's motion, the

undersigned has recommended Cash and Moye's renewed motion be denied. ECF Doc. 66. Thus, for the same reasons set out in the undersigned's Report and Recommendation, the undersigned finds Yost's motion should be DENIED.

I.  SUMMARY JUDGMENT STANDARD

To prevail on the motion for summary judgment, Defendant must show Plaintiff has no evidence to support his case or present affirmative evidence that Plaintiff will be unable to prove his case at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). If Defendant successfully negates an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 248 (1986) (emphases omitted). An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.*; *accord Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 998 (11th Cir. 1992).

Additionally, the Court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

"If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir. 1985)).

## II. ANALYSIS

As set forth in the undersigned's pending Report and Recommendation, ECF Doc. 66, Plaintiff alleges Defendants Cash, Moye, Brown, and Walker[1] used excessive force against him in responding to an alleged seizure he was having.[2] Plaintiff further alleges Defendant Yost arrived prior to medical personnel and did "not try to stop the ongoing excessive use of force being applied by Defendants Cash, Brown, Moye and Walker." *Id.* at ¶ 20.

"[A]n officer can be liable for failing to intervene when another officer uses excessive force." *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000); *see Dukes v. Miami–Dade Cnty.*, 232 F. App'x. 907, 913 (11th Cir. 2007) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.") (citing *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998)). For a failure to intervene claim, the officer is only

---

[1] Brown and Walker's responses to the complaint are not yet due.
[2] For a complete recitation of the facts as alleged by Plaintiff in the third amended complaint, see the pending Report and Recommendation, ECF Doc. 66.

liable if the officer "was in a position to intervene." *Williams v. Scott*, 433 F. App'x 801, 805 (11th Cir. 2011) ("Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence.") (citing *Ensley*, 142 F.3d at 1407).

Defendant Yost argues Plaintiff's failure to intervene claim is without merit because "there was no excessive force for [him] to intervene in or prevent. . .. [t]he use of force which occurred was totally reactionary to Plaintiff's unjustified physical resistance, and his failure to obey lawful commands." ECF Doc. 59 at 4. For the reasons set forth in the pending Report and Recommendation, ECF Doc. 66, however, the undersigned has determined material questions of fact exist as to whether excessive force was used. Specifically, material questions of fact exist as to (1) whether Plaintiff was having a seizure or was under the influence and whether Defendants should have known or considered the possibility Plaintiff was having a seizure; (2) the amount of force use; and (3) the conduct occurring during the incident resulting in Plaintiff's alleged injuries. ECF Doc. 66 at 7-10.

In the incident report completed by Yost and attached as Exhibit H to Cash and Moye's motion, ECF Doc. 39-8 at 1, Yost states that when he arrived at the scene, he observed Brown, Cash and Moye "maintaining their custodial hold" on Plaintiff and those Defendants as well as Walker "using their bodyweight and

downward pressure to keep Inmate Jones secured to the floor."[3] *Id.* It is during this sequence of events that Jones alleges excessive force was used. Thus, *if* the other Defendants used excessive force when Yost was present, then he may be liable for failing to intervene. *See Velazquez v. City of Hialeah*, 484 F.3d 1340, 1342 (11th Cir. 2007) (finding the plaintiff's testimony that he was beaten by two unidentified defendant-officers, "coupled with their admission that they were present, permits the jury, if it believes he was beaten, to find that ... one [officer] beat him while the other failed to intervene"); *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir.1998) (quoting *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir.1986)) (An officer is liable for failure to intervene if the officer "fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence").

Finally, like Cash and Moye, Defendant Yost argues he is entitled to qualified immunity. However, because a reasonable jury could find Defendant Yost failed to intervene in the alleged use of excessive force, Defendant Yost is not entitled to summary judgment based on qualified immunity. *See Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985); *see also Priester*, 208 F.3d at 927 (concluding that an officer who observes excessive force with "the time and ability to intervene, but [does] nothing," violates clearly established law).

---

[3] Yost does not submit any declarations or evidence with his motion and, instead, adopts the arguments and exhibits submitted by Cash and Moye.

Case No. 3:21cv487-MCR-HTC

For the reasons set forth above as well as those set forth in the undersigned's pending Report and Recommendation, ECF Doc. 66, the substance of which is adopted and incorporated herein, Yost's motion for summary judgment should be DENIED.

Accordingly, it is respectfully RECOMMENDED that:

1. Defendant Yost's motion for summary judgment, ECF Doc. 59, be DENIED.

2. This case be referred back to the Magistrate Judge for further pretrial proceedings.

At Pensacola, Florida, this 13th day of June 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.