UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD R. JONES, JR.,

    Plaintiff,

v.                          Case No. 3:21cv487-MCR-HTC

B. CASH, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Donald R. Jones, Jr., sues six (6) correctional officers for violating his Eighth Amendment rights in relation to the alleged use of excessive force on March 30, 2019, while incarcerated at Century Correctional Institution. ECF Doc. 37. Plaintiff claims Defendants failed to recognize he was having a seizure and, instead, used excessive force to restrain him or failed to intervene to stop the force. Defendants claim Plaintiff was combative and they used only that force reasonably necessary to constrain Plaintiff. The undersigned has already recommended Defendants Cash, Moye, and Yost's motions for summary judgment, ECF Docs. 66, 68, be denied, finding reasonable jurists could disagree as to whether excessive force

was used.[1]  Defendants Walker, Ely, and Brown have now moved for summary judgment, relying on the same evidence and case law.  Their motions should also be denied.

## I.  SUMMARY JUDGMENT STANDARD

To prevail on the motion for summary judgment, Defendants must show Plaintiff has no evidence to support his case or present affirmative evidence that Plaintiff will be unable to prove his case at trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  If Defendant successfully negates an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id.*  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 248 (1986) (emphases omitted).  An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.  *See id.*; *accord Tipton v. Bergrohr GMBH-Siegen,* 965 F.2d 994, 998 (11th Cir. 1992).

Additionally, the Court must view all the evidence, and all factual inferences

---

[1] Cash, Moye, and Yost did not object to the reports and recommendations and their time for doing so has passed.

reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir. 1985)).

**II.   ANALYSIS**

    **A. <u>Brown and Walker</u>**

As set forth in the undersigned's prior Report and Recommendation, ECF Doc. 66, Plaintiff alleges Defendants Brown and Walker (along with Cash and Moye) used excessive force against him, treating him as if he was "under the influence," rather than recognizing he was having a seizure.[2] The "core judicial inquiry" for an excessive-force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  "This standard requires a prisoner to establish two elements—one subjective and one objective: the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish

---

[2] For a complete recitation of the facts as alleged by Plaintiff in the third amended complaint, see the pending Report and Recommendation, ECF Doc. 66.

a constitutional violation.'" *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Hudson*, 503 U.S. at 7).

Plaintiff alleges Brown helped Cash drag Plaintiff to the open walkway, lifting him up in the process and slamming him to the ground. ECF Doc. 37 at ¶s 11, 41. He alleges Brown placed his knee on the back of Plaintiff's head and neck, smashing his face against the floor. *Id.* at ¶s 12-13, 41 He further alleges Brown placed his knee on the back of Plaintiff's right shoulder and triceps area, grabbed Plaintiff's right arm with both of his hands, and forced his arm behind his back in order to be handcuffed. *Id.* at ¶s 16, 41. Plaintiff alleges Brown did so with sufficient force to "fracture and dislocate Plaintiff's right elbow and also tear tendons and / or ligaments in his arm requiring surgical intervention to be repaired." *Id.* at ¶ 17. Plaintiff alleges Walker arrived after Brown and immediately became an "active participant" in the use of force already being applied "by using hands, knees, and body weight to forcibly restrain [Plaintiff]." *Id.* at ¶s 18. Walker used his "body weight to pin Plaintiff's legs down in order for his legs to be shackled."[3] *Id.* at ¶ 19.

Defendants do not dispute they were on duty at the time of the incident, that they responded to the incident in question, and were told Plaintiff was having a seizure. ECF Doc. 69 at 4. They do not dispute that upon arriving to the scene

---

[3] In Plaintiff's response to the motion for summary judgment, he appears to contend Walker should have also intervened in stopping the use of excessive force. ECF Doc. 71 at 4.

Case No. 3:21cv487-MCR-HTC

Plaintiff was initially unresponsive and lying on his side, on the floor, between two bunks. *Id.* Defendants allege, however, that Plaintiff "appeared to be under the influence of an unknown substance." *Id.* They allege Plaintiff was combative. *Id.* Brown contends that because of Plaintiff's combative behavior and the need to move Plaintiff away from the bunks, Brown (along with Cash) placed "custodial holds" on Plaintiff, "using downward pressure" so Walker could place Plaintiff's legs in restraints. *Id.* Defendants do not address Plaintiff's allegations that Brown slammed him to the floor, smashed his face, or dislocated his arm.

As discussed at length in the report and recommendation on Cash and Moye's motion, summary judgment is not proper because questions of fact exist regarding whether (1) Plaintiff was having a seizure or was under the influence, (2) Plaintiff was being combative, (3) Plaintiff could have been restrained with less force, and (4) the force used caused Plaintiff's injuries. These questions of material fact preclude a determination by the Court that Defendants, as a matter of law, used only that force which was reasonable and necessary to restrain and control Plaintiff. This is not a situation where there is video evidence or documentary evidence which blatantly contradicts Plaintiff's allegations. Instead, the two version of events presented by Defendants and Plaintiff present "'a classic swearing match, which is the stuff of which jury trials are made.'" *See Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019). At the summary judgment stage, this Court cannot make credibility

determinations and must instead review the facts in the light most favorable to the non-moving party. *See e.g., Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations [at summary judgment]; the non-movant's evidence is to be accepted for purposes of summary judgment."). Therefore, for the same reasons the Court denied Cash and Moye's motion, Brown and Walker's motion should also be denied.

### B. Ely

It is undisputed Ely was the first officer to be notified that Plaintiff was having a seizure. Ely called for assistance, stating Plaintiff appeared to be having a seizure. *See* ECF Doc. 37 at ¶s 15, 41. Although Plaintiff does not allege Ely participated in the use of force, he does allege Ely was present when the others were using excessive force against Plaintiff and did nothing to stop it. Plaintiff made the same allegation of failure to intervene against Yost. The undersigned recommended Yost's motion be denied because there is a dispute of fact as to whether excessive force was used. ECF Doc. 68. For the same reason, Ely's motion should be denied – namely, for the reasons set forth, the Court cannot say at this junction that no excessive force was used.[4] *See e.g., Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000)

---

[4] Plaintiff also alleges Defendants acted with deliberate indifference to a serious medical need when they failed to respond to his seizure. Although Defendants do not specifically address this

("[A]n officer can be liable for failing to intervene when another officer uses excessive force.").

### C. **Qualified Immunity**

Finally, like the others, Walker, Brown, and Ely argue they are entitled to qualified immunity. However, because a reasonable jury could find Defendants used excessive force or failed to intervene in the alleged use of excessive force, Defendants are not entitled to summary judgment based on qualified immunity. *See Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985); *see also Priester*, 208 F.3d at 927 (concluding that an officer who observes excessive force with "the time and ability to intervene, but [does] nothing," violates clearly established law).

For the reasons set forth above as well as those set forth in the undersigned's prior Reports and Recommendations, ECF Docs. 66, 67, the substance of which are adopted and incorporated herein, Walker, Brown, and Ely's motion for summary judgment should be DENIED.

Accordingly, it is respectfully RECOMMENDED that:

1. Defendants Walker, Brown, and Ely's motion for summary judgment, ECF Doc. 69, be DENIED.

---

claim in their motion, the same questions of fact precluding the entry of summary judgment on the excessive force claim preclude summary judgment on a deliberate indifference claim.

2. This case be referred back to the Magistrate Judge for further pretrial proceedings.

At Pensacola, Florida, this 18th day of July 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.